| | |
|---|---|
| Bonnie E Jones )<br>Chad A Jones, )<br>)<br>      **Plaintiffs,** )<br>)<br>vs. )<br>)<br>Duke Energy Carolinas, LLC, )<br>)<br>      **Defendant.** ) | **ORDER** |

THIS MATTER is before the Court on Defendants' Motion to Dismiss. (Doc. No. 4). Before considering the Motion to Dismiss, the Court considers *sua sponte* the issue of subject matter jurisdiction. By Notice of Removal, Defendant claims this Court has jurisdiction pursuant to federal question jurisdiction under 28 U.S.C. § 1332 and supplemental jurisdiction under 28 U.S.C. § 1367. (Doc. No. 1, p. 1). For the reasons stated below, removal of this case on the basis of federal question jurisdiction and/or supplemental jurisdiction is improper. Pursuant to 28 U.S.C. § 1447(c), this case is hereby REMANDED to the Gaston County Civil Superior Division.

**I.    BACKGROUND**

Plaintiffs filed the instant case in Superior Court in Gaston County, North Carolina on July 17, 2020. (Doc. No. 1-1). Plaintiffs are individuals domiciled in Gaston County, North Carolina. (Doc. No. 1-1, p. 1). Defendant is a limited liability company, incorporated under the laws of North Carolina. Id. The Complaint alleges Defendant is liable to Plaintiffs for damages in excess of $25,000 for tortious interference of contract, trespass to real property, and private nuisance. (Doc. 1-1, pp. 8-9).

According to the Complaint filed in state court, Plaintiffs purchased lake-front property in Mt. Holly, North Carolina in August of 2019. Id. at p. 6. Plaintiffs allegedly purchased this property

in large part because of the "shoreline access" to Lake Wiley, and allegedly agreed with the sellers that a boat dock on the property would be repaired and replaced. Id. The sellers allegedly contacted Defendant's agent who "deal[s] with management of docks in the lake footprint" to determine the extent to which Plaintiffs could alter the original dock. Id. Defendant responded, allegedly stating that it could either "issue approval to replace the dock as it was originally permitted," or "approv[e] this as a new dock of any design you wish." Id. Plaintiffs contend they proceeded with the purchase of the property based on this communication from Defendant. Id. at pp. 6-7. However, after purchasing the property, Plaintiffs allege they filed appropriate applications with Defendant to build a new dock, but the application was denied. Id. at p. 7. The denial letter allegedly indicated that Plaintiffs would be required to build a dock "in the same manner as it existed before being destroyed" so as to comply with the Shoreline Management Guidelines ("SMG"). Id. Plaintiffs allegedly tried to further communicate with Defendant about the dock and received a letter from Defendant's General Counsel's office stating that, "[Defendant] could not approve any modifications [to the dock] because the dock is located in the Downstream Clear Zone [DCZ] below Mountain Island Dam." Id. at p. 8. Plaintiffs allege they attempted to further clarify the status of the dock and the reason for the denial but had not received any response from Defendant as of May 2020. Id. Finally, Plaintiffs acknowledge Defendant is "empowered by the Federal Energy Regulatory Commission ("FERC") to regulate Catawba River/Lake Wylie and their coastlines," but allege Defendant has not made any "attempt to make [the regulatory] rules public and have only acted in an arbitrary manner in executing its duties." Id. Accordingly, Plaintiffs assert they are entitled to damages because Defendants have allegedly (1) tortiously interfered with contract for frustrating the purpose of the real estate contract by prohibiting a new dock to be built;

2

(2) trespassed by maintaining dominion and control over Plaintiffs' property; and (3) unreasonably interfered with Plaintiffs' use and enjoyment of their property. Id. at pp. 8-9.

Defendant filed its Notice of Removal in this Court on August 14, 2020, and filed its Answer the same day, which includes a counterclaim seeking a declaratory judgment. (Doc. Nos. 1, 3). In its Notice of Removal, Defendant contends removal is proper because this Court has original federal question jurisdiction over Plaintiff's claims and, to the extent that the Complaint is premised on state law claims, this Court has supplemental jurisdiction. (Doc. No. 1, pp. 3-6).

## II. STANDARD OF REVIEW

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). In consideration of "well-established federalism concerns, removal jurisdiction must be strictly construed." Jones, 671 F. App'x at 154. Thus, 28 U.S.C. § 1447(c) provides, "[i]f at any time before final judgement it appears that the district court lacks subject matter jurisdiction the case shall be remanded." See also Dixon v. Coburg Dairy, Inc., 369 F.3d 811, 816 (4th Cir. 2004) (per curiam) (declaring "if federal jurisdiction is doubtful, a remand to state court is necessary"). Therefore, pursuant to 28 U.S.C. § 1447(c), "[t]he objection that a federal court lacks subject-matter jurisdiction . . . may be raised by a party, or by a court *on its own initiative*, at any stage in the litigation." Arbaugh v. Y&H Corp., 546 U.S. 500, 506 (emphasis added).

## III. ANALYSIS

A civil action initially filed in state court may be removed when the federal court would have original jurisdiction. 28 U.S.C. § 1441(a). Federal district courts have original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United Sates." 28 U.S.C. § 1331. The well-pleaded complaint rule provides that federal question jurisdiction under § 1331

exists only when "a right or immunity created by the Constitution or laws of the United States [is] an element, and an essential one, of the plaintiff's cause of action." Phillips Petroleum Co. v. Texaco, Inc., 415 U.S. 125, 127-28, 94 S. Ct. 1002, 1003-04, 39 L. Ed. 2d 209 (1974) (quotation and citation omitted). Jurisdiction cannot be established with an answer or with any anticipated defenses.[1] See id.

In rare cases, "a state-law claim could give rise to federal-question jurisdiction so long as it 'appears from the [complaint] that the right to relief depends upon the construction or application of [federal law].'" Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 313, 125 S. Ct. 2363, 2367, 162 L. Ed. 2d 257 (2005) (quoting Smith v. Kan. City Title & Trust Co., 255 U.S. 180, 199, 41 S. Ct. 243, 243, 65 L. Ed 577 (1921)). When a state-law claim does indeed give rise to federal question jurisdiction, the claim is said to "arise under" federal law. See Grable & Sons Metal Prods., Inc. at 313. Such jurisdiction has been narrowly applied "because arising-under jurisdiction to hear a state-law claim always raises the possibility of upsetting the state-federal line. . .; there must always be an assessment of any disruptive portent in exercising federal jurisdiction." Id. at 314. The Supreme Court eventually established a strict, four-prong test to avoid upsetting the balance of state and federal power: a federal court only has "arising under" jurisdiction if the federal issue is "(1) necessarily raised, (2) actually disputed; (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." Gunn v. Minton, 568 U.S. 251, 258, 133 S. Ct. 1059, 1065, 185 L. Ed. 2d 72 (2013); see also Burrell v. Bayer Corp., 918 F.3d 372, 380-81 (4th Cir. 2019) ("[W]e 'strictly construe' jurisdictional limits because of 'significant federalism concerns' that attend the removal of cases

---

[1] Federal question jurisdiction likewise cannot be established by a counterclaim. See Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 831, 122 S. Ct. 1889, 1894, 153 L. Ed. 2d 13 (2002). Accordingly, to the extent Defendant attempts to establish removal jurisdiction based on its federal law counterclaim, Defendant's attempt fails.

4

from state court to federal court." (quoting Mulcahey v. Columbia Organic Chems., 29 F.3d 148, 151 (4th Cir. 1994)).

In its Notice of Removal, Defendant asserts this Court has jurisdiction over Plaintiffs' claims because the "action arises under the Federal Power Act" ("FPA") and because 16 U.S.C. § 825p confers exclusive jurisdiction to the federal courts for violations of the FPA. (Doc. No. 1, p. 3). Defendant characterizes Plaintiffs' claims as allegations that "Duke Energy lacks and/or misused its authority under the [Shoreline Management Plan] and SMG to deny Plaintiffs' Private Facilities Permit Application." Id. at p. 2. Defendant asserts Plaintiffs' claims "involve substantial federal questions that are not only significant to the parties in this case, but more importantly 'significant to the federal system as a whole'" Id. at p. 4 (quoting Gunn v. Minton, 568 U.S. 251, 264, 133 S. Ct. 1059, 1068, 185 L. Ed. 2d 72 (2013)). Thus, the jurisdictional issue turns on the four-prong test outlined in Gunn v. Minton and applied by the Fourth Circuit in Pressl v. Appalachian Power Co., 842 F.3d 299 (4th Cir. 2016).

### A. Pressl v. Appalachian Power Co.

In Pressl, private homeowners sought to construct a dock on their land, which contained an easement owned by Appalachian Power Company ("APCO"). Pressl, 842 F.3d at 301-02. APCO informed the homeowners that to construct the dock, they would have to comply with APCO's restrictions and execute an Occupancy and Use Permit. Id. at 301. The homeowners filed suit in state court, seeking a declaratory judgment that APCO's demands violated the terms of the easement, and APCO removed to federal court. Id. at 301-02. APCO asserted the federal court had jurisdiction because the property on which the homeowners wanted to build the dock was situated "within the project boundary for APCO's hydroelectric project, which APCO operate[d] under a

license issued by the Federal Energy Regulatory Commission." Id. at 302. The court then proceeded to analyze the four requirements for "arising under" jurisdiction. Id. at 303.

First, the Pressl court held that a state-law claim necessarily raises a federal issue "only when *every* legal theory supporting the claim requires the resolution of a federal issue." Pressl, 842 F.3d at 304 (emphasis in original) (citation and quotation omitted). Thus, the homeowners' claims did not necessarily raise a federal issue because the claim at least partially turned on interpretation of the language conveying the easement under state law, despite APCO's contention that the scope of the easement was determined by its FERC license. Id. at 304-05. Second, the Pressl court held that there was no federal issue actually in dispute because there was "no dispute over the validity of APCO's federal license." Id. at 305. Finally, the Pressl court addressed the last two "arising under" requirements and explained that

> any federal interest in interpreting the . . . easement is not substantial and . . . asserting federal jurisdiction over cases like this could disrupt the congressionally approved federal-state balance. State courts are just as able (perhaps more able) to interpret and enforce the property rights conveyed through instruments governed by state law.

Id.

After determining there was no "arising under" jurisdiction, the Pressl court also held that the federal courts did not have exclusive jurisdiction pursuant to the FPA and § 825p. Id. at 306. Section 825p grants federal district courts exclusive jurisdiction over "all suits in equity and actions at law brought to enforce any liability or duty created by, or to enjoin any violation of, [the Federal Power Act] or any rule, regulation, or order thereunder." 16 U.S.C. § 825p. The Pressl court explained that the "brought to enforce" language in § 825p does not "provide[] broad jurisdiction over complaints that simply mention a duty established by . . . federal law." See id. (citing Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning, __ U.S. __, 136 S. Ct. 1562, 1568-

6

69, 194 L. Ed. 2d 671 (2016)). "[C]laims are 'brought to enforce' such a duty *only* if their 'very success depends on giving effect to a federal requirement.'" Pressl, 842 F.3d at 306 (citing Manning, 136 S. Ct. 1562, 1570 (emphasis added). The court ultimately held there was no federal jurisdiction over the homeowners' claims and vacated the district court's determination that it had "arising under" jurisdiction. Pressl, 842 F.3d at 306.

### B. "Arising Under" Jurisdiction

The first requirement for a state-law claim to arise under federal law is that a federal issue is necessarily raised. Although not explicitly laid out, Defendant contends that Plaintiffs' claims necessarily raise a federal issue because Plaintiffs directly challenge Defendant's authority to "monitor and regulate the construction, maintenance, and use of private recreational structures on Lake Wylie" granted by the FERC. (Doc. No. 1, p. 2). Like APCO in Pressl, Defendant here misreads Plaintiff's Complaint. Plaintiffs do not challenge Defendant's authority under its FERC license, but rather, argue that Defendant arbitrarily misused its authority in such a way that tortiously interfered with Plaintiffs' contract and property rights under state law. (Doc. No. 1-1, p. 8). It may be conceivable that Plaintiffs' claims turn on interpretation of Defendant's FERC license, but, like the homeowners in Pressl, there are legal theories involving only state law that could resolve Plaintiffs' claims. Defendant correctly notes that Plaintiffs tangentially reference federal law in their Complaint, but such tangential reference is not sufficient to necessarily raise a federal issue. See Pressl, 842 F.3d at 305. Accordingly, because Plaintiffs' claims do not satisfy the first prong of the "arising under" requirements, there can be no "arising under" jurisdiction. See id. at 303 ("Federal jurisdiction will lie only if a case meets all four [of the Gunn] requirements.").

Nonetheless, the Court notes that none of the other three requirements for "arising under" jurisdiction are met. There is no actual dispute of federal law because Plaintiffs do not seek "a declaration under federal law that Duke Energy did not have the right to deny their [a]pplication" as Defendant contends. (Doc. No. 1, p. 6). The validity of Defendant's license or authority conferred by the FERC is not challenged. Rather, Plaintiffs acknowledge Defendant's federal authority, (Doc. No. 1-1, p. 8), and challenge Defendant's actions as tortious under state law. Their claims boil down to an allegation that Defendant acted unreasonably and arbitrarily in executing its responsibilities such that Plaintiffs were harmed as a result. Moreover, the federal interest in determining whether Defendant harmed Plaintiffs' property or contract interests is not substantial, and asserting federal jurisdiction over Plaintiffs' claims solely because Defendant is licensed by a federal agency to regulate private recreational structures on Lake Wylie would likely disrupt the congressionally approved federal-state balance. Accordingly, there is no federal question jurisdiction pursuant to § 1331 over this case.

### C. Exclusive Jurisdiction Pursuant to § 825p

Defendant also contends this Court has exclusive jurisdiction over this case because 16 U.S.C. § 825p grants federal district courts exclusive jurisdiction over "all suits in equity and actions at law brought to enforce any liability or duty created by, or to enjoin any violation of, [the Federal Power Act] or any rule, regulation, or order thereunder." 16 U.S.C. § 825p; (Doc. No. 1, p. 3). Like in <u>Pressl</u>, § 825p does not serve as a basis for exclusive jurisdiction here. Plaintiffs' Complaint simply mentions Defendant's duty under federal law; the success of Plaintiffs' claims simply do not depend on giving effect to a federal requirement. Accordingly, there is no basis for exclusive jurisdiction under § 825p.

## IV. CONCLUSION

Given the significant federalism concerns attendant to removal jurisdiction, and the requirement that "arising under" jurisdiction be strictly construed, it is hereby ORDERED that this case is to be REMANDED to the Gaston County Civil Superior Division. Defendant's Motion to Dismiss in this Court is DENIED AS MOOT, without prejudice to be refiled under the state proceedings following remand.

IT IS SO ORDERED.

Signed: November 5, 2020

Frank D. Whitney
United States District Judge

9

Case 3:20-cv-00451-FDW-DSC   Document 12   Filed 11/05/20   Page 9 of 9